AMBRO, Circuit Judge,
Dissenting.
Pursuant to the Family and Medical Leave Act of 1993 (“FMLA”), 29 U.S.C. § 2601 et seq., an employee may qualify for *313 unforeseen FMLA leave only by providing an employer with notice that contains “sufficient information for an employer to reasonably determine whether the FMLA may apply to the leave request.” 29 C.F.R. § 825.308(c). Congress included this notice requirement in order to balance the employee’s entitlement to “reasonable leave” with the “legitimate interests of employers.” 29 U.S.C. § 2601(b)(2); see Aubuchon v. Knauf Fiberglass GmbH, 359 F.3d 950, 951 (7th Cir.2004) (Posner, J.) (“Conditioning the right to take FMLA leave on the employee’s giving the required notice to his employer is the quid pro quo for the employer’s partial surrender of control over his work force.”). In keeping with the purpose and language of the FMLA, I would hold as a matter of law that Ms. Lichtenstein failed to provide adequate notice that the FMLA applied to her January 3, 2008 absence, and I would affirm the District Court’s grant of summary judgment to the University of Pittsburgh Medical Center (“UPMC”). For the reasons given below, and despite Judge Van Antwerpen’s well-crafted opinion, I respectfully dissent.
For her interference and retaliation claims to survive summary judgment, Lichtenstein must introduce evidence that she was entitled to FMLA benefits. Hayduk v. City of Johnstown, 386 Fed.Appx. 55, 60 (3d Cir.2010) (“[T]he first elements of both theories \i.e., interference and retaliation] are essentially identical: a plaintiff ... must establish, among other things, that he had a right to FMLA benefits.”). To establish that entitlement, Lichtenstein must demonstrate that she gave her employer adequate notice of the need for FMLA leave. See id. Federal regulations require that an employee “state a qualifying reason for the needed leave.” 29 C.F.R. § 825.301(b). When the need for leave is unforeseeable, employees must give notice “as soon as practicable under the facts and circumstances of the particular case” and according to the employer’s “usual and customary notice and procedural requirements.” Id. § 825.303(a) & (c). The employee “need not expressly assert rights under the FMLA or even mention the FMLA,” but must “provide sufficient information for an employer to reasonably determine whether the FMLA may apply to the leave request.” Id. § 825.303(b). Compare Sarnowski v. Air Brooke Limousine, Inc., 510 F.3d 398, 402 (3d Cir.2007) (“In providing notice, the employee need not use any magic words.”), with Hayduk v. City of Johnstown, 580 F.Supp.2d 429, 471 (W.D.Pa.2008) (“The FMLA does not require an employer to be clairvoyant.”) (quoting Brenneman v. MedCentral Health Sys., 366 F.3d 412, 428 (6th Cir. 2004)). The employer may have a duty to “inquire further ... to ascertain whether leave is potentially FMLA-qualifying,” 29 C.F.R. § 825.301(a), but that duty only arises when the employee provides adequate notice. See Wilson v. Lemington Home for the Aged, 159 F.Supp.2d 186, 192 (W.D.Pa.2001); De Luca v. Trs. of Univ. of Pa., 834 F.Supp.2d 282, 293 (E.D.Pa.2011).
Lichtenstein contends that she gave proper notice when she called off on January 3 and told the nursing supervisor, “I was currently in the emergency room, that my mother had been brought into the hospital via ambulance, and I would be unable to work that day.” I agree with my colleagues that the notice issue is generally a question of fact and “the critical test is not whether the employee gave every necessary detail to determine if the. FMLA applies, but how the information conveyed to the employer is reasonably interpreted.” Id. at 16 (quotation marks & citation omitted). However, I cannot agree that “genuine factual disputes exist about whether Lichtenstein’s notice was adequate.” Maj. Op. at 304.
*314 Lichtenstein did not state a qualifying reason for her January 3 absence because she failed to mention essential details that were critical for adequate notice, namely the seriousness of her mother’s condition and her mother’s need for care. Lichtenstein conveyed to UPMC that her mother was at the hospital, but not that her mother was suffering from a serious health condition. According to the majority, Lichtenstein’s notice might have been sufficient because “many people in [her mother’s] situation do require [FMLAqualifying] care.” Maj. Op. at 303 (emphasis in text). This view imposes on employers a much broader obligation than, I believe, the FMLA requires.
Consider, for example, an employee who calls out from work saying she needs to go to the hospital. Whether that employee is going to the hospital for an emergency procedure, a routine check-up, or just to pick up a friend, the majority’s reasoning dictates that the notice cannot be designated inadequate as a matter of law because “many people in this situation” require care for a serious health condition. Indeed, simply calling out “sick” would qualify as sufficient notice under the majority’s reading of the FMLA had the Department of Labor not adopted an explicit rule to the contrary. See 29 C.F.R. § 825.303(b). “If you have brain cancer but just tell your employer that you have a headache, you have not given the notice that the Act requires.” Aubuchon, 359 F.3d at 952.[1] The majority’s lenient reading of the notice requirement distorts the balance Congress and the Department of Labor struck between employee and employer interests, and improperly “place[s] a substantial and largely wasted investigative burden on employers.” Id. at 953.
Lichtenstein also conveyed to UPMC that she needed the day off, but not that the day off was necessary to care for her mother. Though UPMC conceded that caring for one’s mother under such circumstances “would be a natural thing to do,” Maj. Op. 304, empathy cannot make up for Lichtenstein’s failure to mention an FMLA-qualifying reason for her absence. See Aubuchon, 359 F.3d at 952 (“Wanting to stay home with one’s wife until she has the baby, while understandable, is not the same thing as wanting to stay home to care for a spouse who has a serious health condition.”).
In addition to omitting critical details from her statements to the nursing supervisor, Lichtenstein failed to provide notice “as soon as practicable.” See 29 C.F.R. § 825.303(a). She returned to work on January 4 — while her mother was still in the hospital — and did not notify a supervisor about her mother’s serious health condition. Lichtenstein even testified at her deposition that she first asked for FMLA leave on January 8, not January 3. App. at 66 (“The first time that I asked [for leave] ... [w]as January 8 of 2008.”). Even if her request for leave on January 8 was made “as soon as practicable,” which it was not, the direct evidence in the record indicates only that the decision was made to terminate Lichtenstein before the 8th. See App. at 345 (Lidey testifying that the decision was made “before New Year’s”); 423-424 (Brown testifying that the decision “had to be [made] prior to January 8th”). Lichtenstein argues that the deci *315 sion may have been made “on or after January 7,” Lichtenstein Br. at 17, but she only cites non-probative circumstantial evidence to support her claim. See id. at 14 (citing App. at 331 (Lidey testifying that she “discussed [Lichtenstein’s call-offs] with Human Resource” on January 7)). Lichtenstein cites no direct evidence that the decision was made after the 8th and does not address Brown’s testimony.
There are situations in which an employee provides sufficient notice to trigger an employer’s duty to inquire, but this is not one of them. See Satterfield v. Wal-Mart Stores, Inc., 135 F.3d 973, 978-81 (5th Cir.1998) (rehearing and rehearing en banc denied) (holding, as a matter of law, that an employee’s statement that she “was having a lot of pain and ... wouldn’t make it in to work that day” provided insufficient notice to her employer under the FMLA). That Lichtenstein’s statements might reasonably be construed as providing adequate notice is a bridge too far. If notice is adequate when an employer can “reasonably determine whether the FMLA may apply,” 29 C.F.R. § 825.303(c), then we should find that notice is inadequate when, as in this case, an employee omits vital pieces of information that would distinguish FMLA leave from an ordinary absence.
If Lichtenstein’s statements could reasonably be interpreted as sufficient notice of her need for FMLA leave, I would join my colleagues and reverse the grant of summary judgment. However, I believe that the statements are insufficient as a matter of law. Thus I respectfully dissent.

. The Seventh Circuit Court requires that an employee's notice "give the employer enough information to establish probable cause, as it were, to believe that he is entitled to FMLA leave.” Id. at 953; but see Scobey v. Nucor Steel-Arkansas, 580 F.3d 781, 788 (8th Cir. 2009) (applying a more lenient notice standard). I do not address whether that is the appropriate standard to apply to notice questions in FMLA cases, but we should be aware of the important considerations that led the Seventh Circuit to adopt it.