

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2005

# Callison v. Philadelphia

Precedential or Non-Precedential: Precedential

Docket No. 04-2941

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Callison v. Philadelphia" (2005). *2005 Decisions.* Paper 1086.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1086

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 04-2941

DAVID W. CALLISON,

<u>Appellant</u>

v.

CITY OF PHILADELPHIA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-03008)
District Judge: Hon. Legrome D. Davis

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 5, 2005

BEFORE: BARRY, AMBRO and  COWEN, <u>Circuit Judges</u>

(Filed May 19, 2005)

Samuel A. Dion, Esq.
Dion & Goldberger
1515 Locust Street
10th Floor
Philadelphia, PA 19102

Counsel for Appellant

Jane L. Istvan, Esq.
City of Philadelphia
Law Department
1515 Arch Street
One Parkway
Philadelphia, PA 19102

Counsel for Appellee

——————

OPINION

——————

COWEN, Circuit Judge.

David Callison appeals the District Court's order granting the City of Philadelphia's motion for summary judgment and denying Callison's motion for partial summary judgment. Callison limits his appeal to the portion of the order relating to his interference claim, and waives his retaliation claim. He asserts that the District Court failed to recognize that the enforcement of the City's sick leave policies against him while he was on leave pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") interfered with his substantive FMLA rights. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

The facts germane to this appeal are undisputed. Callison was initially employed by the City's Office of Fleet Management ("OFM") as a Heavy Duty Maintenance Technician on February 2, 1998. Callison had perfect attendance in his first year of employment; however, this record deteriorated. In about January 2000, Callison was diagnosed with deep anxiety reaction and stress, caused by stress at home and at work. That year Callison used twenty-six, and the following year used twelve, days of sick leave. Because of the significant amount of absences, the City placed Callison on a Sick Abuse List on October 30, 2000. Employees on this list are required to obtain medical certification for all sick days and are subject to progressive penalties for violations of the sick leave policies.

2

The OFM employee manual contains the following requirement for all employees on sick leave:

> During regular working hours, when an employee is home on sick leave, the employee must notify the appropriate authority or designee when leaving home and upon return. An employee is to remain at home except for personal needs related to the reason for being on sick leave. While on sick leave an employee may be called or visited by a sick leave investigator unless the employee has 150 days or more of accumulated sick leave credit.

(App. at 109.)

On January 8, 2001, while still on the Sick Abuse List, Callison took another sick day. Callison never notified the Sick Control Hotline that he was leaving his home, and when an investigator telephoned his residence he was not there. Pursuant to the OFM's policy he was given a warning for this violation.

Following this violation, Callison was out on approved FMLA leave for approximately three months, from January 24 to April 17, 2001. On January 29 and February 7, 2001, the City conducted additional investigations and found that Callison was not home on those dates and had failed to notify the hotline. In accordance with the progressive penalties policy, Callison received a one and three day suspension, respectively, for his failures to notify the hotline that he was leaving his home. These suspensions were served by Callison, on May 8, 15, 16 and 17, 2001, after he returned to work from his FMLA leave.

We exercise plenary review over a District Court's order granting summary judgment. *See Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 679 (3d Cir. 2003). Summary judgment is appropriate if there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *See*

Fed. R. Civ. P. 56(c). In evaluating the evidence, we "take the facts in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in [its] favor." *Doe v. County of Centre,* 242 F.3d 437, 446 (3d Cir. 2001).

The primary purposes of the FMLA are to "balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(1) and (2). The FMLA endeavors to accomplish these purposes "in a manner that accommodates the legitimate interests of employers." 29 U.S.C § 2601(b)(3).

The FMLA contains two relatively distinct types of provisions. First, it creates a series of prescriptive substantive rights for eligible employees, often referred to as the "entitlement" or "interference" provisions which set floors for employer conduct. *See Churchill v. Star Enters.*, 183 F.3d 184, 192 (3d Cir. 1999). Eligible employees "shall be entitled to a total of twelve workweeks of leave during any twelve-month period" if the employee has a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Following a qualified absence, the employee is entitled to be reinstated to the former position or an alternate one with equivalent pay, benefits and working conditions. 29 U.S.C. § 2614(a)(1).

Additionally, the FMLA provides protection against discrimination based on the exercise of these rights, often referred to as the "discrimination" or "retaliation" provisions. *See* 29 U.S.C.§ 2615(a)(1) and (2); 29 C.F.R. § 825.220(c) ("An employer is prohibited from discriminating against employees . . . who have used FMLA leave."). Employers may not "use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." 29 C.F.R. § 825.220(c)

This appeal only involves the interference provision of the FMLA. In order to assert a claim of deprivation of entitlements, the employee only needs to show that he was

entitled to benefits under the FMLA and that he was denied them. 29 U.S.C. §§ 2612(a), 2614(a). The Act provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). Under this theory, the employee need not show that he was treated differently than others. Further, the employer cannot justify its actions by establishing a legitimate business purpose for its decision. An interference action is not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA. It is undisputed that Callison was entitled to the benefits of the FMLA. Accordingly, the only issue we must determine is whether the City denied Callison of his entitlements under the FMLA by enforcing its own sick leave policies against him while he was on leave.

Callison argues that the FMLA anti-abuse and eligibility provisions conflict with the City's call-in requirement in its sick leave policy and therefore the requirement should not have applied to him while he was on leave. He asserts that "[o]nce an employee is pre-approved for FMLA leave, he/she should be left alone." (Appellant's Br. at 8.) Recognizing that he was permitted to return to work after his leave, Callison argues that his rights were interfered with because he was issued two suspensions while on leave for leaving his home without notifying the City. He reasons that he was not restored with the same salary because these suspensions amounted to four days of lost wages.

In granting the City's motion for summary judgment, the District Court found that the City's sick leave policy requiring an employee on leave to "call the Sick Leave Hotline when leaving home during regular working hours does not conflict with any substantive provisions of the FMLA." (App. at 8.) Further, the Court reasoned that the purpose of the FMLA is not compromised by this policy because it "neither prevents employees from taking FMLA leave nor discourages employees from taking such leave. It simply ensures that employees do not abuse their FMLA leave." We agree.

5

The FMLA is meant to prohibit employers from retaliating against employees who exercise their rights, refusing to authorize leave, manipulating positions to avoid application of the Act, or discriminatorily applying policies to discourage employees from taking leave. 29 C.F.R. § 825.220. In the instant case, the City did not engage in any of these prohibited acts. The City provided Callison with the entitlements set forth in the FMLA (e.g., a twelve-week leave and reinstatement after taking medical leave).

Callison's contention that the FMLA's anti-abuse provisions contained in 29 U.S.C. § 2613 preempt the City's procedures is meritless.[1] The anti-abuse provisions in the FMLA permitting employers to request second opinions and certifications does not conflict with the City's provision requiring employees on medical leave to call-in when leaving their home during business hours. These "certification" provisions merely outline some of the employer's rights and employee's corresponding obligations. It neither establishes an employee's entitlements nor provides an exhaustive list of an employer's rights.

Similarly, the eligibility requirements contained in 29 U.S.C. § 2612(a)(1) do not conflict with the call-in procedure. Unlike the eligibility provision, the call-in procedure does not serve as a pre-requisite to entitlement of FMLA leave. Rather, the procedure merely sets forth obligations of employees who are on leave, regardless of whether the leave is pursuant to the FMLA. The purpose of the procedure is to provide an additional safeguard against sick leave abuse by employees.

Finally, contrary to Callison's assertion, there is no right in the FMLA to be "left alone." (Appellant's Br. at 8.) Nothing in the FMLA prevents employers from ensuring that employees

---

[1] We will not consider whether this argument was waived because it was not raised in Callison's response to the City's motion for summary judgment. Rather, we will deny this claim on the merits.

6

who are on leave from work do not abuse their leave, particularly those who enter leave while on the employer's Sick Abuse List.

We recognize that where an employer's internal policies conflict with the FMLA, the FMLA controls and the employee need only comply with the requirements of the Act to invoke its protection. The FMLA provides that "the rights established for employees under this Act . . . shall not be diminished by any collective bargaining agreement, or any employment benefit program or plan." 29 U.S.C. § 2652(b); s*ee also Vanderpool v. INCO Alloys Int'l, Inc.*, 1999 U.S. Dist. LEXIS 12363 (S.D.W.V. June 3, 1999) (denying summary judgment because the employer's requirement of advance notice and prohibition of telephonic requests directly conflicted with FMLA provisions permitting telephonic notice and dispensing with advance notice if the need for leave was unforeseeable); *Marrero v. Camden County Bd. of Soc. Servs.*, 164 F.Supp.2d 455 (D.N.J. 2001) (finding that the employer's policy requiring certification for five consecutive absences directly conflicts with the FMLA provision affording employees at least fifteen days to provide a certification).

Internal sick leave policies or any collective bargaining agreements are only invalidated to the extent they diminish the rights created by the FMLA. "Federal labor law requires employers to adhere to collective bargaining agreements; nothing in the FMLA entitles employees to variance from neutral rules." *See Diaz v. Fort Wayne Foundry Corp.*, 131 F.3d 711, 714 (7th Cir. 1997) ("What matters for current purposes is that the FMLA does not tell employers how to send notices [for second opinions]. A firm safely may use the method prescribed by collective bargaining agreements or some other source of rules.").

Because the City's internal call-in policy neither conflicts with nor diminishes the protections guaranteed by the FMLA, it is not invalidated by the Act. Accordingly, Callison was required to comply with the policy and the City did not abrogate his FMLA rights by placing him on suspension for the

7

violations.

For the foregoing reasons, the judgment of the District Court entered on June 17, 2004, will be affirmed.