**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 11-1736

JADWIGA WARWAS,

Appellant

v.

CITY OF PLAINFIELD

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 2-07-cv-04431)
District Judge:  Honorable Jose L. Linares

Submitted under Third Circuit LAR 34.1(a)
on April 27, 2012

Before:  GREENAWAY, JR., ROTH and TASHIMA*, Circuit Judges

(Opinion filed: July 25, 2012)

O P I N I O N

**ROTH**, Circuit Judge:

Jadwiga Warwas brought this action, asserting (1) interference with her Family

and Medical Leave Act of 1993 (FMLA) rights and (2) retaliation against her for

---

*Honorable A. Wallace Tashima, Senior United States Circuit Judge for the Ninth
Circuit, sitting by designation.

asserting her First Amendment petition rights. The District Court entered summary judgment in favor of the City of Plainfield, New Jersey, and Warwas appealed. For the reasons expressed below, we will affirm the judgment of the District Court.

## I. Background

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Warwas, a licensed medical doctor, commenced employment with Plainfield as a Health Officer in 2003. Due to stress from several incidents unrelated to this litigation, Warwas developed peptic ulcers and clinical depression. As a result, she could not work for several months and sought sick leave under the FMLA. Plainfield requested that Warwas's treating physician complete a medical provider certification form so it could determine her eligibility for FMLA leave. Warwas's physician complied and certified that Warwas "was restricted to home and could not work/attend school." Plainfield granted the FMLA leave.

Although Warwas was on FMLA leave and indicated that she had an acute serious health condition and was not able to work, she continued to work at home on a part-time job she had with the City of Paterson, New Jersey.[1] When Plainfield discovered this, it sought to terminate Warwas's employment with Plainfield, asserting that she had violated

---

[1] Warwas asserts that during her interview she informed Plainfield about the part-time position as a Quality Assurance Coordinator. Plainfield denies knowledge of Warwas's part-time employment.

its policy on outside employment.[2]  After a disciplinary hearing, the charges were sustained and Warwas's employment was terminated on September 30, 2006.  Warwas appealed to the Merit System Board, which transferred the matter to the Office of Administrative Law.  An administrative law judge (ALJ) then determined that Warwas did not commit any misconduct because her part-time work "was not on City time nor in any way concealed" and that she "engaged in outside employment on her own unused sick or vacation time for which she was charged during her sick leave."[3] Although the Merit System Board adopted the ALJ's factual findings, it nevertheless determined that Warwas's utilization of paid sick time while she engaged in secondary employment was prohibited.  Accordingly, she was found guilty of conduct unbecoming an employee.  The Board, however, determined that termination was "too harsh a penalty;" therefore, it ordered Warwas's immediate reinstatement and modified the punishment to a fine and an official written reprimand.  Neither party appealed the decision.

Upon Warwas's return to work with Plainfield on April 7, 2008, she was informed that her office was unavailable and that she should return in two days.  The parties dispute whether Warwas ever returned to work.  On April 22, 2008, Plainfield informed Warwas that she was on unauthorized leave without pay and that further absences would result in her termination.  When she failed to report to work for the remainder of the

---

[2]  Plainfield's Municipal Code prohibits employees from engaging in outside employment "without the prior and continued approval of the Department Director."

[3]  In reaching this conclusion, the ALJ found that Warwas disclosed her part-time position with Paterson and that no Plainfield official either objected to her continued employment or required her to abandon it as a condition of employment with the City.

week, Plainfield issued a preliminary notice of disciplinary action. Warwas never requested a hearing, and, on May 19, 2008, Plainfield terminated her employment.

Warwas brought this action. After the close of discovery, Plainfield moved for summary judgment. The District Court granted the motion and entered judgment against Warwas. She appealed.

## II. Discussion

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's order granting summary judgment, and, in doing so, resolve all factual disputes and draw all reasonable inferences in the light most favorable to the non-moving party. *Callison v. City of Phila.*, 430 F.3d 117, 119 (3d Cir. 2005). Summary judgment is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### A. FMLA Interference Claim

Warwas alleges that Plainfield interfered with her FMLA rights by terminating her employment while she was on leave. The District Court did not reach the merits of this claim because it found that the doctrine of issue preclusion barred her from seeking relief under the FMLA. The District Court held that the propriety of Warwas's termination was already adjudicated by the Board, a quasi-judicial entity, and her interference claim merely sought to re-litigate the Board's factual conclusion that she was guilty of conduct unbecoming an employee because she engaged in and received compensation for secondary employment while utilizing paid sick time.

4

Despite Warwas's arguments that her FMLA claim is not precluded, we need not determine whether the District Court erred because, even assuming *arguendo* that she could proceed to the merits of her interference claim, summary judgment was nevertheless appropriate. *See Oss Nokalva, Inc. v. European Space Agency*, 617 F.3d 756, 761 (3d Cir. 2010) ("It is an accepted tenet of appellate jurisdiction that we may affirm a judgment on any ground apparent from the record, even if the district court did not reach it.") (internal quotations omitted) (citations omitted).

The FMLA permits eligible employees to take up to "12 workweeks of leave during any 12-month period," 29 U.S.C. § 2612(a)(1), if a "serious health condition . . . makes the employee unable to perform the functions of the position of such employee," *id.* at § 2612(a)(1)(D). To prevent an employer's interference with this leave, the FMLA grants employees a cause of action, an interference claim. *See id.* at §§ 2615 & 2617. To assert an interference claim, a plaintiff must prove that she was denied benefits that she was entitled to under the FMLA. *Callison*, 430 F.3d at 119. The FMLA, however, does not prohibit the termination of an employee who abuses her leave, *id.* at 121; *Crouch v. Whirlpool Corp.*, 447 F.3d 984, 986 (7th Cir. 2006), nor does it shield an employee from dismissal merely because the alleged misconduct occurred while on leave. *Callison*, 430 F.3d at 121. Consequently, an employer may defeat an FMLA claim if the discharge was based upon the employer's honest belief that the plaintiff either misused or failed to use her medical leave for the intended purpose. *Crouch*, 447 F.3d at 986.

The record clearly indicates that Plainfield terminated Warwas for reasons entirely unrelated to the exercise of her rights under the FMLA. It is also beyond dispute that

5

Plainfield believed Warwas failed to use FMLA leave for the intended purpose when, despite her assertion and a doctor's note that a serious medical condition prevented her from working, she worked for Paterson while on sick leave. *See Crouch*, 447 F.3d at 986. Warwas is not entitled to a greater degree of protection for violating Plainfield's Municipal Code merely because she was on FMLA leave when caught and terminated. Consequently, Warwas was terminated not for her use of FMLA leave, but rather for the perceived misuse of the leave and for her failure to return to work. *See Sarnowski v. Air Brooke Limousine, Inc.*, 510 F.3d 398, 403 (3d Cir. 2007). We, therefore, conclude that summary judgment was appropriate on this claim.[4]

## B. First Amendment Retaliation Claim

Warwas asserts that her appeal to the Board for reinstatement of employment was protected by the First Amendment's Petition Clause and that Plainfield's May 2008 termination of her employment for failing to report to work constituted retaliation for petitioning the Board. To establish a First Amendment retaliation claim, based upon the Petition Clause, a plaintiff must prove (1) that the First Amendment protected the activity in question, (2) that a government agent responded with a retaliatory action, and (3) that the protected activity was a substantial factor in the retaliation. *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011). In circumstances where the plaintiff is a government employee, the First Amendment only protects against retaliatory actions if the protected

---

[4] Warwas also contends that Plainfield failed to advise her of its policy regarding outside employment during FMLA leave and, in doing so, interfered with her FMLA rights. We find this argument without merit.

activity involved a matter of public concern. *Borough of Duryea, Pa. v. Guarnieri*, __ U.S. __, 131 S. Ct. 2488, 2500 (2011).

Here, Warwas sought review of disciplinary findings, which included whether termination was an appropriate penalty for her alleged misconduct. Thus, her action concerned a private personnel grievance, not a matter of public concern. *Id.* at 2501. Because Warwas did not address matters of public concern, she was not protected by the First Amendment. *See Gorum v. Sessoms*, 561 F.3d 179, 187 (3d Cir. 2009). Thus, we will affirm the District Court's entry of summary judgment on this claim.[5]

## III. <u>Conclusion</u>

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[5] Warwas also asserts that the District Court erred because it improperly applied the summary judgment standard by resolving disputed issues of material fact in favor of Plainfield. We find this argument without merit.