**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4011
_____

TERRI NICOLE TWILLIE,
                                        Appellant

v.

ERIE SCHOOL DISTRICT;
ERIE COUNTY JUVENILE PROBATION
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-11-cv-00165)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2014

Before: JORDAN, COWEN and BARRY, Circuit Judges

(Opinion filed: August 6, 2014)
_____

OPINION
_____

PER CURIAM

Terrie Twillie appeals from an order of the District Court dismissing

her second amended complaint. For the reasons stated herein, we will affirm the District Court's order.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. In August 2011, Twillie filed a complaint in the District Court pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., against Erie County Juvenile Probation ("ECJP") and the Erie School District ("the District"). Since 2007, Twillie has been employed as a Community Justice Officer at ECJP through a joint agreement for services between ECJP and the District. The complaint focused on Twillie's dissatisfaction with the results of an Equal Employment Opportunity ("EEOC") investigation that she launched in December 2010. In the complaint that Twillie filed with the EEOC, she alleged that she had been denied a promotion at ECJP on account of her age and disability, and that the ECJP failed to accommodate her disability by declining to allow her to take leave or otherwise modify her work schedule.[1]

ECJP filed a motion to dismiss the federal complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On June 13, 2012, the District Court held oral argument on the motion. Following oral argument, the District Court denied the motion to dismiss and granted Twillie leave to amend her complaint

---

[1] The EEOC was unable to determine that the District or ECJP had violated applicable

with specific instructions regarding what she must plead in order to survive a motion to dismiss on the claims that Twillie appeared to have raised in her original complaint. In July 2012, Twillie filed an amended complaint in narrative form, which the District and ECJP again moved to dismiss. At a subsequent status conference on the case, the District Court again informed Twillie of the proper pleading requirements and permitted her to file a second amended complaint. On February 4, 2013, Twillie filed a second amended complaint and an accompanying "Statement of the Facts."

Count One in the second amended complaint alleged race discrimination in violation of Title VII; Count Two alleged religious discrimination in violation of Title VII; Count Three alleged disability discrimination in violation of the ADA; Count Four alleged gender discrimination under Title VII; and Count Five alleged a hostile work environment based on sexual harassment under Title VII.[2] In the second amended complaint, Twillie alleged that she was hired under an "unjust agreement" between ECJP and the District. (Second Amended Complaint, dkt. #43, ¶6.) She further alleged that she has been "denied opportunities for advancement and was purposefully isolated in the workplace because of her protected classification of either being a woman, being African-American, disabled, or Christian" and that she has been subjected to the

statutes and issued a right-to-sue letter.
[2] Included within Count III, Twillie also appeared to allege a violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

Defendants' "unlawful Lily white practices, in regards to hiring, and daily hostile environments."[3] Id.

Both ECJP and the District filed motions to dismiss Twillie's second amended complaint pursuant to Rule 12(b)(6). On August 30, 2013, the District Court entered an order granting the motions to dismiss. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291, and we "exercise plenary review over a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6)." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). "We may affirm the District Court on any grounds supported by the record." Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

The District Court correctly dismissed Counts Two, Four, and Five in the second amended complaint for Twillie's failure to exhaust her administrative remedies. A plaintiff bringing an employment discrimination claim under Title VII must comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5. Before filing a lawsuit, a plaintiff must exhaust her administrative remedies by filing a timely discrimination charge with the EEOC. Id. §§ 2000e-5(b), (e)(1), (f)(1). The EEOC will then investigate

---

[3] Twillie identified her disabilities as anemia and multiple sclerosis.

the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before she can initiate a private action. Burgh v. Borough Council, 251 F.3d 465, 470 (3d Cir. 2001). The ensuing suit is limited to claims that are within the scope of the initial administrative charge. Antol v. Perry, 82 F.3d 1291, 1295-96 (3d Cir. 1996).

In her EEOC complaint, Twillie did not allege discrimination on account of her gender or religion. Nor did she raise a claim of hostile work environment based on sexual harassment or any other ground. Rather, her EEOC charge alleged race discrimination based on her employer's failure to promote her, and disability discrimination. As mentioned, prior to Twillie's filing her second amended complaint, both the District and ECJP filed motions to dismiss based, in part, on Twillie's failure to exhaust her administrative remedies. Thus, she was on notice of the need to exhaust her claims administratively before raising them in a federal complaint. Because she did not do so with respect to claims of gender and religious discrimination, or her claim alleging sexual harassment/hostile work environment, the District Court correctly dismissed these claims.

We also agree with the District Court's dismissal of Twillie's Title VII racial discrimination claim. To establish a prima facie case of employment discrimination on the basis of race, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse employment action was made under circumstances that give rise to an

5

inference of unlawful discrimination.  Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) (per curiam).  To survive a motion to dismiss, Twillie was not required to establish the elements of a prima facie case; she merely needed to "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]."  Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotation and citations omitted).

Twillie alleged that she is a member of a protected class based on her race, but she did not otherwise put forth plausible allegations that raised a reasonable expectation that discovery will show that she was qualified or not hired based on improper consideration of her race.  As an initial matter, although Twillie appeared to claim to have been demoted, she has retained the same position of Community Justice Officer since her employment commenced.  Twillie believes, however, that she has not been promoted to the position of Juvenile Probation Officer because she is African-American.  But, she admitted in her EEOC charge that on the two occasions when she applied for a promotion but was not hired, the positions were given to an African-American woman and a Caucasian man.  That another African-American woman was selected to become a Juvenile Probation Officer during one of the two occasions Twillie applied for the job suggests that Twillie was not promoted for reasons having nothing to do with her race.  Twillie also failed to set forth any facts contradicting information uncovered during the EEOC investigation which showed that the two employees who were promoted were

6

more experienced in working with juveniles. As the District Court noted, other than Twillie's subjective belief that race played a role in these hiring decisions, she did not otherwise raise the inference that these decisions were based on discriminatory grounds. In short, because Twillie failed to set forth a plausible claim for relief, the District Court correctly dismissed this claim.

The District Court also correctly dismissed Twillie's ADA claim. In her amended complaint, Twillie stated that she "requested an accommodation for her disability to account for her absences and tardiness to which Defendant failed to respond and effectively denied . . . . The acts, policies, and conduct of the Defendants constitute violations of [the ADA]." (Second Amended Complaint at ¶20.)

In order to state a claim for discrimination under the ADA, a plaintiff must allege that: "'(1) [s]he is a disabled person within the meaning of the ADA; (2) [s]he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) [s]he has suffered an otherwise adverse employment decision as a result of discrimination.'" Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999) (citations omitted). We have explained that "[d]iscrimination under the ADA . . . includes failing to make reasonable accommodations for a plaintiff's disabilities." Id. Therefore, an employer discriminates when it "does not 'mak[e] reasonable accommodations to the known physical or mental limitations of the individual unless the [employer] can demonstrate that the

7

accommodation would impose an undue hardship on the operation of the business of the [employer].'" Id. (alterations in original) (citing 42 U.S.C. § 12112(b)(5)(A).

The allegations set forth in the amended complaint, taken as true, do not set forth a claim for discrimination based on a failure to accommodate. Even assuming that Twillie is disabled within the meaning of the ADA, other than her conclusory statement that the Defendants' "acts, policies, and conduct" violated the ADA, she did not allege any specific acts or conduct in the second amended complaint which suggest that the Defendants failed to reasonably accommodate her disability. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). On the other hand, in her "Statement of the Facts," Twillie provided a list of dates when she was, in fact, permitted to take various types of leave (sick leave, vacation leave, and FMLA) so that she could attend to her medical conditions. Because Twillie did not plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, this claim was correctly dismissed.[4]

The District Court also construed Twillie's complaint as having raised a claim that the Defendants violated her rights under the FMLA. In her second amended complaint, Twillie merely stated that the conduct of the Defendants violated "FMLA laws," but she did not otherwise elaborate upon the ways in which she believes the Defendants violated

---

[4] Twillie also alleged, in conclusory fashion, that she was not promoted within the probation department on account of her disability. However, she again failed to set forth specific facts in her second amended complaint which might serve to demonstrate that

8

her rights.  In her accompanying "Statement of the Facts," Twillie set forth a list of dates when she requested medical leave during the years 2009, 2010, and 2011.  Although Twillie admitted that she had been approved to take FMLA leave, she seemed to take issue with the fact that she had been encouraged to utilize her paid accrued leave before utilizing unpaid FMLA leave.

Construing this allegation liberally, Twillie appears to assert that the Defendants interfered with her rights under the FMLA.  Under the Act, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA.  29 U.S.C. § 2615(a)(1).  "Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave."  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 142 (3d Cir. 2004) (internal quotation marks omitted).  To assert an interference claim under the FMLA, a plaintiff need only show that "[s]he was entitled to benefits under the FMLA and that [s]he was denied them." Callison v. City of Phila., 430 F.3d 117, 119 (3d Cir. 2005).

Twillie's allegations do not state a claim for interference under the FMLA.  The FMLA provides that, in qualifying circumstances, "an eligible employee shall be entitled to a total of 12 workweeks of leave."  29 U.S.C. § 2612(a)(1).  An employer is not required to pay an employee while the employee is on FMLA leave, 29 U.S.C. § 2612(c),

she was not promoted because the Defendants improperly considered her disability.

though an "employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or family leave of the employee for leave provided," under the FMLA, 29 U.S.C. § 2612(d)(2). Twillie did not indicate that the Defendants reduced her period of FMLA leave from the required twelve weeks. Nor did she assert that the Defendants asked her to use accrued paid leave to cover some or all of the FMLA that she took, which, as indicated, is authorized under the Act. Rather, the Defendants appear to have encouraged her to use either accrued paid leave *or* FMLA leave to account for her absences. Indeed, Twillie filed in the District Court a series of emails showing that she was permitted to take FMLA leave, including a January 2011 email from her supervisor wherein he informed Twillie that she could alternatively use accrued vacation leave or FMLA leave in increments of her choosing. The Defendants' actions do not suggest that Twillie was discouraged from using FMLA leave. At most, it appears that the Defendants advised Twillie to use her paid leave before using unpaid FMLA leave, which is not prohibited. Because Twillie did not state a plausible FMLA interference claim, dismissal of this claim was appropriate.[5]

For all of these reasons, we will affirm the judgment of the District Court. Twillie's motion for appointment of counsel is denied as moot.

---

[5] Because we affirm the District Court's dismissal of Twillie's ADA and FMLA claims on grounds that she failed to state claims upon which relief may be granted, we need not address whether the District Court was also correct to dismiss these claims on the other grounds offered in its opinion.