NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4424
_____

ANGELINA TILLMAN,
                                        Appellant
v.

REDEVELOPMENT AUTHORITY OF THE CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cv-01505)
District Judge: Honorable Robert F. Kelly
_____

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2015

Before:  HARDIMAN, SCIRICA and BARRY, *Circuit Judges*.

(Filed: January 23, 2015)
_____

OPINION*
_____

HARDIMAN, *Circuit Judge*.

        Angelina Tillman appeals the District Court's summary judgment denying her

claim of unlawful age discrimination. We will affirm.

        _____

        * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

I

We review the facts in the light most favorable to Tillman, *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986), and we will affirm a summary judgment only if a rational juror could not find for her, *Schoonejongen v. Curtiss-Wright Corp.*, 143 F.3d 120, 129 (3d Cir. 1998).

A

In July 2007, Tillman, who was then 57 years old, was hired by the Philadelphia Redevelopment Authority as a real estate specialist. Tillman and the Authority's other non-management employees were represented by Local 1971 of the American Federation of State, County and Municipal Employees and relations between the Authority and the Union were governed by a collective bargaining agreement. The CBA stated that, in the event of layoffs, junior employees would generally be terminated first. This rule did not apply, however, to the Union's president, a set number of stewards, and three union officers, who were granted "superseniority" status. The CBA also specified that "the EMPLOYER shall have the right to rely on the last list of appointments of UNION officials submitted by the UNION." App. 297.

In early 2010, Tillman was appointed to the Union's executive board. The Union notified the Authority of this fact in February 2010 but did not provide a formal list of its officials until June 20, 2011. Shortly after, the Authority informed the Union that it would be laying off Tillman and several other employees.

In response, the Union president told the Authority's deputy executive director of operations, David Thomas, that Tillman could not be fired because she was an executive board member with superseniority. Thomas countered that executive board members were not "officers" with superseniority and that, in any event, Tillman was not entitled to superseniority because the Union had failed to provide an updated list of its officers.

Tillman, who was 61 years old at this point, was subsequently let go, while the Authority's other real estate specialist, Irma Gonzalez-Bowie, was retained. Gonzalez-Bowie was 50 years old and had worked at the Authority for 29 years, compared to Tillman's four years.[1] Gonzalez-Bowie did not have superseniority status.

B

In March 2012, Tillman sued the Authority, claiming unlawful age discrimination, in violation of 29 U.S.C. § 623(a)(1), and unlawful employment practice, in violation of 43 Pa. Cons. Stat. § 955(a). The Authority moved for summary judgment and the District Court granted the motion, finding that Tillman had failed to establish a prima facie case of age discrimination. Tillman now appeals.[2]

II

---

[1] Tillman returned to the Authority in December 2012. She now works in its Residential Services Department as a property management coordinator.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment. *Callison v. City of Philadelphia*, 430 F.3d 117, 119 (3d Cir. 2005).

Under the *McDonnell-Douglas* burden-shifting analysis, a plaintiff must first establish a prima facie case of discrimination. *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To do so, she must show that she (1) belongs to a protected class; (2) was qualified for the position held; (3) suffered adverse employment action; and (4) was replaced by someone "sufficiently younger," raising the inference of age discrimination. *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 249 (3d Cir. 2002).

Tillman argues that there is sufficient evidence to create a genuine issue of fact regarding whether the Authority's retention of Gonzalez-Bowie raised the inference of age discrimination. *See* Fed. R. Civ. P. 56(c). She asserts that her executive board position gave her superseniority and that Gonzalez-Bowie was "*significantly* younger." Tillman Br. 11–12 (emphasis added). In Tillman's view, the Authority's failure to recognize her superseniority status "was the result of Thomas's animosity toward older individuals." *Id.* at 12. Tillman seems to base this claim on David Thomas's inquiry about her age during an exit interview, *id.* at 13, and allegations that Thomas said that another employee was "too old, he's been here too long, his knowledge and stuff is, you know, out of date," *id.* at 7 (quoting App. 384), 14–15. Tillman argues that, based on this evidence, a reasonable juror could infer age discrimination. She faults the District Court, moreover, for failing to draw justifiable inferences in her favor.

We are unpersuaded. Tillman's claim that she suffered age discrimination is unsubstantiated. The record shows that Thomas asked Tillman's age after she had already

4

been laid off in order to determine when she could begin to receive Medicare benefits.

Tillman leans heavily on *Potence v. Hazleton Area School District*, where we declined to overturn a jury's verdict that an employer's explicit instruction not to hire any more "old plumbers," among other things, constituted age discrimination. 357 F.3d 366, 369 (3d Cir. 2004). Here, however, we have merely a passing comment that another employee—in another context—was "too old" for a promotion. We also note that, at the time Tillman was let go, Gonzalez-Bowie was 50 years old and had worked at the Authority 25 years longer than Tillman.

Finally, Tillman argues that the Authority's refusal to recognize her superseniority is a factual matter to be resolved by the jury. But even if a jury found that she had superseniority, Tillman has provided nothing more than speculation that the Authority's failure to recognize that status was linked to ageist animus. And mere speculation does not suffice.

## III

The record shows that Tillman failed to establish a prima facie case of age discrimination.[3] Accordingly, the District Court's summary judgment will be affirmed.

---

[3] Because we agree with the District Court that Tillman has failed to establish a prima facie case of age discrimination, we need not say more. Nevertheless, we have reviewed the District Court's alternative holding that Tillman could not establish pretext and find no error there either.