**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1763
_____

KELLY SOUTNER,
                              Appellant

v.

PENN STATE HEALTH,
doing business as
The Milton Hershey Medical Center
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-18-cv-00271)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 8, 2020
_____

Before: MCKEE, PORTER, and FISHER,
*Circuit Judges*

(Filed: January 13, 2021)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Penn State Health (the "Hospital") fired Kelly Soutner for accumulating too many unscheduled absences. Soutner contends those absences were protected under federal and state law, so she sued the Hospital under the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"). The District Court held that Soutner's failure to comply with the Hospital's absence-reporting policy defeats all her claims. On appeal, Soutner offers no justification that would excuse her failure to comply with the Hospital's policy. Thus, we will affirm the District Court's grant of summary judgment for the Hospital.

**I**

Soutner worked at the Hospital as an administrative secretary. The Hospital requires its employees to follow explicit attendance policies and discourages unscheduled absences. If an employee accumulates too many unscheduled absences in a twelve-month period, a supervisor will provide the employee with attendance counseling and written warnings. Nine unscheduled absences is grounds for termination after review by a human-resources representative. If an employee qualifies for FMLA leave, however, she can avoid an unscheduled absence by documenting the absence in accordance with the Hospital's FMLA policies. The Hospital employs a two-step system for documenting FMLA absences: an employee must (1) request an FMLA absence and then (2) report the FMLA absence.

To request an FMLA absence, an employee must submit an FMLA-leave request through a third-party program called FMLASource. After FMLASource approves the

2

request, the employee must then report the absence. To report an FMLA absence, the employee must (1) report to the Hospital by calling a designated "call-off" line within twenty-four hours following the absence and (2) report to FMLASource within fifteen days following the absence. To report an absence as FMLA-leave via the call-off line, the employee must say whether she is using "family sick time, FMLA [leave], PTO, et cetera." App. 123–24.

This litigation arises in part from competing definitions. The parties differ in their understanding of what it means to "request," "designate," "report," and "provide notice of" an absence. Clarifying these terms very nearly resolves the case. Under the Hospital's policies, an employee *requests* an FMLA absence through FMLASource. If FMLASource approves the request, that absence is *designated* as FMLA leave. Following the request, approval, and designation, an employee must still *report* the absence as FMLA once the absence is taken. Defining these terms clarifies the legal question: under the FMLA, is *providing notice* of an FMLA absence the act of (1) merely requesting FMLA leave, or (2) requesting and reporting FMLA leave?

Soutner requested and was approved for FMLA leave for various days over a twelve-month period. She was absent from work during those time periods but did not report the absences in accordance with the Hospital's call-off procedures. After eight unscheduled absences, Soutner met with her supervisor, Amy Cutman, for attendance counseling. Cutman provided Soutner copies of the attendance policies and reminded her that she needed to report her absences as FMLA via the call-off line. Soutner requested

3

retroactive FMLA approval for some absences but still did not report any absences as FMLA. After another unscheduled absence, Soutner received a final written warning.

Soutner accumulated her ninth unscheduled absence when she left work early one day because of intestinal distress. Soutner did not notify Cutman that she had gone home until about two hours after she left. Once again, she did not report the absence via the call-off line. Two days later, Cutman sent Soutner a termination memo. The Hospital fired Soutner for accumulating nine unscheduled absences and abandoning work without notifying her supervisor.

Soutner brought a host of employment claims against the Hospital. She claimed (1) interference under the FMLA; (2) retaliation under the FMLA; (3) retaliation under the ADA and PHRA; (4) failure to accommodate under the ADA and PHRA; and (5) disability discrimination under the ADA and PHRA. The District Court granted summary judgment for the Hospital, dismissing all of Soutner's claims. Soutner timely appealed.

## II

The District Court had subject-matter jurisdiction over the FMLA and ADA claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the PHRA claims under 28 U.S.C. § 1367. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo and draw all reasonable inferences in favor of the nonmoving party. *Ross v. Gilhuly*, 755 F.3d 185, 191 n.9 (3d Cir. 2014). We will affirm summary judgment only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

4

## A

The FMLA prohibits employers from interfering with employees' FMLA rights. 29 U.S.C. § 2615(a)(1). A plaintiff claiming interference must show that (1) she was an eligible employee under the FMLA, (2) her employer was subject to the FMLA's requirements, (3) she was entitled to FMLA leave, (4) she gave notice to her employer of her intention to take FMLA leave, and (5) she was denied benefits to which she was entitled under the FMLA. *Ross*, 755 F.3d at 191–92. Only the fourth element—whether Soutner notified the Hospital of her intention to take FMLA leave—is in dispute.

An employee must comply with the employer's requirements for requesting leave unless those requirements conflict with a substantive provision of the FMLA. *Callison v. City of Philadelphia*, 430 F.3d 117, 120–21 (3d Cir. 2005); 29 C.F.R. §§ 825.302–.303 (2020). An employer's policy requiring an employee on approved FMLA leave to call in sick during work hours and report the absence does not conflict with the FMLA. *Callison*, 430 F.3d at 120; 29 C.F.R. §§ 825.302–.303. As the Tenth Circuit put it, "an employer generally does not violate the FMLA if it terminates an employee for failing to comply with a policy requiring notice of absences, *even if the absences that the employee failed to report were protected by the FMLA*." *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1008–09 (10th Cir. 2011).

Soutner was required to comply with the Hospital's reporting policies. As in *Callison*, the Hospital's call-off procedures do not conflict with any substantive provision of the FMLA. *See Callison*, 430 F.3d at 120. Indeed, Soutner does not even argue that they conflict. Neither does Soutner dispute that she failed to report the absences as

5

FMLA via the call-off system. Because the Hospital could require Soutner to follow its reporting procedures, and there is no genuine dispute that Soutner did not follow them, as a matter of law the Hospital did not interfere with Soutner's FMLA rights.

Soutner argues that her request and approval for FMLA leave satisfy the notice element of her interference claim. But partially complying with the Hospital's policies does not constitute notice. *See id.* Soutner's repeated exhortations that her absences were designated as FMLA leave amount to nothing if she did not follow through and report those absences as required and as she was specifically counseled by Cutman. Again, *Callison* is on point: "[T]he call-in procedure does not serve as a pre-requisite to entitlement of FMLA leave. Rather, the procedure merely sets forth obligations of employees who are on leave, regardless of whether the leave is pursuant to the FMLA." *Id.* The Hospital acted within its prerogative in firing Soutner for her continued failure to report her absences in accordance with its policies. The District Court properly granted summary judgment for the Hospital on Soutner's FMLA interference claim.

**B**

Soutner's FMLA retaliation claim fares no better. The FMLA prohibits employers from retaliating against an employee asserting her FMLA rights. 29 U.S.C. § 2615(a)(2). An employee claiming retaliation must show that "(1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012). Like the interference claim, the

FMLA retaliation claim turns on whether Soutner notified the Hospital of her protected leave.

To invoke FMLA rights, "employees must provide adequate notice to their employer about their need to take leave." *Id.* at 303. In providing notice, "an employee must comply with the employer's usual and customary notice and procedural requirements." 29 C.F.R. § 825.303(c); *accord id.* § 825.302(d). The FMLA regulations explicitly permit "requir[ing] employees to call a designated number." 29 C.F.R. § 825.303(c); *accord id.* § 825.302(d). Once again, there is no dispute that Soutner did not comply with the Hospital's reporting requirements.

Soutner renews her insistence that she requested and was approved for FMLA leave. That argument works no better the second time. Hospital policy required Soutner to report her absence as FMLA leave. Soutner requesting—but not reporting—her FMLA leave is not "compl[iance] with the employer's usual and customary notice and procedural requirements." 29 C.F.R. § 825.303(c); *accord id.* § 825.302(d). Because she failed to report her absences in accordance with the Hospital's policies, Soutner cannot show that she "invoked her right to FMLA-qualifying leave." *Lichtenstein*, 691 F.3d at 302. The District Court properly granted summary judgment for the Hospital on Soutner's FMLA retaliation claim.

## C

The ADA and PHRA allow for retaliation claims similar to the FMLA retaliation claim. 42 U.S.C. § 12203(a); 43 Pa. Cons. Stat. § 955(d) (2020). To establish a prima facie retaliation claim under the ADA, an employee must show "(1) protected employee

7

activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). The employer can rebut the prima facie case by providing a "a legitimate, non-retaliatory reason for its adverse employment action," which shifts the burden back to the employee to show that the employer's reason is pretextual. *Id.* at 500–01. As for the PHRA claim, we apply the ADA standard "except where there is something specifically different in its language requiring that it be treated differently." *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567 (3d Cir. 2002). Neither party points to any relevant difference.

Even assuming Soutner could establish a prima facie case for retaliation under the ADA, she has not rebutted the Hospital's legitimate explanations for firing her. The Hospital claims it did not fire Soutner for taking FMLA leave—rather, it fired her for accumulating nine unscheduled absences resulting from Soutner's failure to report the absences as FMLA and for abandoning work without notifying her supervisor. Indeed, the Hospital consistently granted Soutner's belated requests for FMLA leave and repeatedly reminded Soutner to report her absences as FMLA via the call-off line. Soutner's conclusory response is that the Hospital's reasons are illegitimate and pretextual. But as the District Court found, "Soutner has not introduced any direct evidence to indicate that in reaching its termination decision, [the Hospital] considered anything other than Soutner's failure to report and designate her absences." App. 22 n.2.

8

The District Court properly granted summary judgment for the Hospital on Soutner's ADA and PHRA retaliation claims.

**D**

The ADA and PHRA also require employers to make reasonable accommodations for their employees' disabilities. 42 U.S.C. § 12112(b)(5)(A); *see* 43 Pa. Cons. Stat. § 955(h)(3.2). An employer's failure to engage in a good-faith interactive process with the employee constitutes a failure to accommodate under the ADA. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 312–13 (3d Cir. 1999). To show such a failure, a disabled employee must demonstrate:

> 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith.

*Id.* at 319–20. An employer can show good faith by, for example, "meet[ing] with the employee who requests an accommodation . . . and discuss[ing] available alternatives when the request is too burdensome." *Id.* at 317. We apply the same legal standards to the PHRA claim. *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 499 n.3 (3d Cir. 2010).

Soutner has failed to show that the Hospital did not make a good-faith effort to accommodate her. Cutman consistently met with Soutner about her absences, explained to her the Hospital's call-off procedures, and encouraged Soutner to apply for FMLA leave and report the absences as FMLA. Soutner also spoke with FMLASource representatives who counseled her on the policies and how to report her absences as FMLA. The Hospital's actions demonstrate a good-faith effort to accommodate Soutner

9

while she accumulated nine unscheduled absences. *See Taylor*, 184 F.3d at 317. The record simply does not support Soutner's contention that the Hospital "sat by while Soutner accrued absences." Appellant's Br. 18. The District Court properly granted summary judgment for the Hospital on Soutner's ADA and PHRA failure-to-accommodate claims.

## E

Finally, the ADA and PHRA prohibit employers from discriminating against employees for their disabilities. 42 U.S.C. § 12112; 43 Pa. Cons. Stat. § 955. To establish a prima facie case of disability discrimination, an employee must show that she "(1) has a 'disability,' (2) is a 'qualified individual,' and (3) has suffered an adverse employment action because of that disability." *Turner v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006). Like the failure-to-accommodate claim, the employer can rebut the prima facie case by providing a "legitimate, nondiscriminatory reason for the employee's rejection," which shifts the burden back to the employee to show that the employer's reason is pretextual. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994) (internal quotation marks omitted) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Even assuming Soutner could establish the prima facie case for discrimination under the ADA, she has not rebutted the Hospital's legitimate explanations for firing her. The Hospital explains that part of the reason for firing Soutner was her failure to report her absences in accordance with the Hospital's policies. Soutner argues that the Hospital's proffered reason is illegitimate because the absences were designated as

10

FMLA. But regardless of whether those absences were FMLA-designated, Soutner was required to comply with the Hospital's reporting procedures. *See Callison*, 430 F.3d at 120; 29 C.F.R. §§ 825.302–.303. Soutner did not comply, so the Hospital fired her. The Hospital did not violate the FMLA, and Soutner makes no other argument rebutting the Hospital's proffered reasons for terminating her employment. The District Court properly granted summary judgment for the Hospital on Soutner's ADA and PHRA discrimination claims.

*        *        *

The District Court correctly held that Soutner was required to follow the Hospital's absence-reporting procedures. There is no dispute that Soutner failed to do so. We will affirm the District Court's order dismissing Soutner's claims.