**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3611
_____

EVANS FANOR,
                                        Appellant

v.


UNIVERSITY HOSPITAL-UMDNJ; JANE BLOMSTROM, Individually and in her
capacity as Absentee Coordinator for UNIVERSITY HOSPITAL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:16-cv-00320)
District Judge: Honorable John M. Vazquez

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
November 18, 2021
Before: RESTREPO, PHIPPS, and COWEN[1], Circuit Judges

(Opinion filed: August 30, 2022)
_____

OPINION[*]
_____

_____

[1] The Honorable Robert J. Cowen participated in the decision in this case. Judge Cowen assumed inactive status on April 1, 2022 after the submission date, but before the filing of the opinion. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

An employee was fired after he suffered a serious injury, but before he made a formal request under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., for disability leave. We consider in this appeal whether the District Court was presented with a trial-worthy claim that the employer was on notice of the employee's prospective leave request and, by firing him, interfered with his attempted exercise of FMLA rights.

## I. Background

The appellant, Evans Fanor, was employed as a patient representative with University Hospital in Newark, New Jersey. In the summer of 2013—towards the end of his largely successful tenure—Fanor was assaulted at work by a vagrant. The assault left Fanor with a serious knee injury and lingering psychiatric issues.

With the aid of his physician, Fanor (a diabetic) submitted paperwork to University Hospital in early November 2013 requesting FMLA leave starting that month in order to manage his blood sugar, undergo knee surgery, and recover. The leave request was amended soon after to cover the period of January 2 through May 30, 2014.

On November 19, 2013, before any leave had been approved, Fanor did not report to work as scheduled. A lengthy stretch of absences ensued. Fanor then received a letter from University Hospital administrator Jane Blomstrom, warning that Fanor's failure to either substantiate his absences with doctors' notes by January 3, 2014, or return to work, would be deemed a voluntary resignation.

2

Fanor did not intend to resign. He reported to University Hospital on January 3, 2014, in the midst of a snowstorm, and was permitted to work. After his shift ended, Fanor slipped and fell during a search for a taxi-ride home. Fanor was transported to University Hospital's emergency room; he underwent back surgery the next day.

Fanor's physician (Dr. Christopher M. Zarro) called Fanor's supervisor to inform her that Fanor was likely to miss three months of work. Fanor made regular calls to his supervisor or another University Hospital employee to provide treatment updates.

On January 28, 2014, Dr. Zarro prepared an FMLA certification to support a forthcoming request by Fanor for three months of leave. That same day, University Hospital sent Fanor a letter conveying his termination effective January 27, 2014.

Eventually, Fanor filed this action pro se against University Hospital and Blomstrom (collectively, Defendants). He raised claims under the FMLA and New Jersey law. The District Court granted Defendants' motion to dismiss one of Fanor's claims and granted their later motion for summary judgment on the other claims. Fanor now appeals.

## II. Jurisdiction and Standard of Review

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's summary judgment ruling is de novo. Goldenstein v. Repossessors Inc., 815 F.3d 142, 146 (3d Cir. 2016). "Viewing the evidence in the light most favorable to the nonmovant, summary judgment is appropriate only if there is 'no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law.'" Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d Cir. 2010) (quoting Fed. R. Civ. P. 56(c)).

3

III. <u>Analysis</u>

The District Court's opinion in this matter reflects thoughtful consideration of often inartful arguments by a pro se litigant. And the District Court's legal analysis of Fanor's claims is, by and large, sound. Specifically, for the reasons given by the District Court, we agree that Defendants are entitled to summary judgment on Fanor's state-law discrimination claims, his FMLA 'retaliation' claim, and his FMLA 'interference' claim pertaining to the leave request made in early November 2013 and amended shortly thereafter.[2] To that extent, the District Court's judgment will be affirmed.

We will, however, vacate the District Court's judgment in part. As we explain below, Fanor's complaint and the evidentiary record together reveal a triable claim that University Hospital's termination decision violated 29 U.S.C. § 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided [by the FMLA]."); <u>see also</u> <u>Lichtenstein v. Univ. of Pittsburgh Med. Ctr.</u>, 691 F.3d 294, 301 (3d Cir. 2012).

A.    Fanor presented a claim that University Hospital violated § 2615(a)(1) when it terminated his employment after he attempted to exercise FMLA rights.

The District Court considered but rejected the possibility that Fanor was raising an interference claim related to his attempted exercise of FMLA rights in January 2014. Such was the District Court's only misstep, but it is one in need of correction.

---

[2] Fanor does not challenge the dismissal of his state-law emotional distress claim.

4

The District Court rightly recognized that Fanor's "primary argument" concerning FMLA interference pertained to the leave request he foreshadowed in January 2014 but never completed because he was terminated. See Defendants' Supplemental Appendix (App.) 11. While the District Court correctly determined that Fanor could not establish a claim that Defendants interfered with an *actual* exercise of FMLA rights in January 2014—insofar as Fanor failed to formally invoke those rights between his accident and termination—it should have also determined whether Fanor could establish the closely related claim of interference with an *attempted* exercise of FMLA rights.

Key evidence germane to either theory of interference—in particular the timing and substance of Fanor's and Dr. Zarro's post-accident communications with University Hospital employees—is virtually identical, so there is no good reason to consider the trial-suitability of one and brush aside the other. All the more so because the complaint, liberally construed, raised the interference claim in question. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); cf. App. 43-44 (Compl. ¶¶ 45-47).[3]

In sum, Fanor presented—and the District Court should have considered—an FMLA-interference claim based on Fanor's attempt to invoke his right to leave after the fact of his slip-and-fall and before the fact of his termination weeks later.

---

[3] True, "[l]iberal pleading does not require that, at the summary judgment stage, defendants must infer all possible claims that could arise out of facts set forth in the complaint." Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004). But one need not squint all that hard to see in the complaint and summary-judgment record a viable theory of FMLA interference based on a leave request University Hospital arguably anticipated from Fanor before it effected his termination.

B.      Fanor's FMLA-interference claim concerning his attempted request for leave in January 2014 is supported by evidence sufficient to present a triable issue of liability under § 2615(a)(1).

An FMLA-interference claim under § 2615(a)(1) can be raised using the private right of action set forth in 29 U.S.C. § 2617. The claim has five elements:

> (1) the plaintiff was an FMLA-defined employee;
> (2) the defendant was an FMLA-defined employer;
> (3) the plaintiff was entitled to FMLA leave;
> (4) the plaintiff notified the defendant of an intent to take leave; and
> (5) the plaintiff was entitled to FMLA benefits and was denied them.

See Ross v. Gilhuly, 755 F.3d 185, 191–92 (3d Cir. 2014).

There is no dispute that Fanor and University hospital are statutorily protected and regulated by the FMLA (the first two elements). A trier of fact could also find satisfied the third element, as the FMLA certification prepared by Dr. Zarro indicates that Fanor was totally incapacitated by the slip-and-fall. Cf. 29 U.S.C. § 2612(a)(1)(D) (protecting the right to annually take "12 workweeks of leave" due to "a serious health condition that makes the employee unable to perform the functions of the position of such employee").

For the fourth element, a trier of fact could find that Fanor provided sufficient notice of his intent to take FMLA leave.[4] After Fanor's accident, he was admitted to the very emergency room in which he was employed. He testified during his deposition that he regularly communicated with his employer about ongoing rehabilitation, see App. 57, and a trier of fact *could* credit such testimony, cf. Paladino v. Newsome, 885 F.3d 203,

_____

[4] Relatedly, it is possible that a trier of fact could find that Fanor did not run afoul of the notice requirements for unforeseeable leave under 29 C.F.R. § 825.303.

6

209–10 (3d Cir. 2018) (explaining that, "[i]n considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence," and that "the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor") (footnote and internal citations omitted). Furthermore, there is evidence indicating that, before University Hospital made any decision to terminate, Dr. Zarro told Fanor's supervisor that Fanor "would likely be out of work for approximately three months." DC ECF No. 115-1 at 16 (February 11, 2014 letter from Dr. Zarro to Fanor's union representative).[5]

Finally, there is evidence indicating that University Hospital's decision to terminate deprived Fanor of the FMLA benefits (12 weeks of leave) he was entitled, and attempted, to take. The sequence of events in January 2014, bears that out. So a trier of fact could also find satisfied the fifth element of the interference claim.

Thus, not only did Fanor adequately present in the District Court a claim for FMLA interference under § 2615(a)(1), he also adduced evidence sufficient to withstand summary judgment on University Hospital's liability defense.[6]

\* \* \*

---

[5] This document was not included in the appendix; Defendants filed it with the District Court as part of a supplemental certification supporting their summary judgment motion.

[6] The record does not contain sufficient support for the conclusion that the FMLA-interference claim is also viable against Blomstrom, see, e.g., App. 86-92, so we affirm in total the District Court's judgment to the extent it was entered in her favor.

7

In closing, we acknowledge Defendants' argument that Fanor cannot establish FMLA liability because he never requested leave to excuse his many absences in November and December 2013. This argument is flawed insofar as it ignores evidence indicating that Fanor was given an opportunity to save his job either by providing documentation for the absences in November and December 2013, *or* by showing up to work by January 3, 2014, and that Fanor availed himself of the second option and was permitted to report for duty, see App. 63 (Fanor testifying at his deposition that after he supplied his supervisor with documentation excusing just one of many absences she said, "okay, you may return to work"). The District Court expressly acknowledged that Fanor had options—"Blomstrom [ ] provided Plaintiff with the opportunity to cure the deficiency by returning to work *or* submitting additional information," App. 16 (emphasis added)—despite an obscurement of the disjunctive "or" during Fanor's deposition. Compare App. 84 with App. 64. In any event, even if there were discordant pieces of evidence concerning this material issue, that would be reason to deny, not grant a summary judgment motion.

If Defendants mean to argue instead that Fanor does not have a viable FMLA-interference claim because the reasons for his termination are sound, that argument fares no better at this juncture. An employer's reasons for termination need not be illegitimate in order for the employee to establish liability under § 2615(a)(1). See Callison v. City of Philadelphia, 430 F.3d 117, 119–20 (3d Cir. 2005) (explaining that, in defending against an FMLA-interference claim, an "employer cannot justify its actions by establishing a

8

legitimate business purpose for its decision"); see also Sommer v. The Vanguard Group, 461 F.3d 397, 399 (3d Cir. 2006) ("An interference action is not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA.").

That said, the reasons for Fanor's termination do have relevance. To recover under § 2617, Fanor must prove the existence of an FMLA violation *and* resulting damages; i.e., that he lost his job and suffered any other compensable injuries *because* of his attempted exercise of FMLA rights. Cf. Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002) (explaining that "§ 2617 provides no relief unless the employee has been prejudiced by the violation: The employer is liable only for compensation and benefits lost 'by reason of the violation,' § 2617(a)(1)(A)(i)(I), for other monetary losses sustained 'as a direct result of the violation,' § 2617(a)(1)(A)(i)(II), and for 'appropriate' equitable relief, including employment, reinstatement, and promotion, § 2617(a)(1)(B)").

## IV. Conclusion

For the reasons detailed above, we will affirm the judgment of the District Court in part, vacate it in part, and remand for further proceedings between Fanor and University Hospital on the particular FMLA-interference claim highlighted in this opinion. We deny Fanor's motion for an extension of indeterminate length in which to file a reply brief.